CLAIRE RUBIN, PLAINTIFF-RESPONDENT, v. DOMINICK SENNA, DEFENDANT-APPELLANT.

THOMAS C. RUBIN, PLAINTIFF-RESPONDENT, v. DOMINICK SENNA, DEFENDANT-APPELLANT.

IRENE SAPERSTEIN, PLAINTIFF-RESPONDENT, v. DOMINICK SENNA, DEFENDANT-APPELLANT.

GUS HOLDER, PLAINTIFF-RESPONDENT, v. DOMINICK SENNA, DEFENDANT-APPELLANT.

MAX HOLDER, PLAINTIFF-RESPONDENT, v. DOMINICK SENNA, DEFENDANT-APPELLANT.

FAY RAPPAPORT, PLAINTIFF-RESPONDENT, v. DOMINICK SENNA, DEFENDANT-APPELLANT.

NATHAN RAPPAPORT, PLAINTIFF-RESPONDENT, v. DOMINICK SENNA, DEFENDANT-APPELLANT.

Decided October 14, 1932—Decided March 25, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiffs-respondents, *Michael G. Alenick.*

For the defendant-appellant, *Samuel H. Nelson.*

Per Curiam.

Seven cases are involved in this appeal, all of them arising out of the same automobile collision and being against the same defendant. There is a single set of facts settled by stipulation of the parties. Judgments were rendered by the judge, sitting without a jury, in varying amounts in favor of the several plaintiffs and against the single defendant.

The appeals are by the defendant who presents two contentions: first, that the plaintiffs should have been nonsuited because they failed to show any acts of negligence on the part of the defendant, and, second, that a judgment should have been entered in favor of the defendant as a matter of law because the plaintiffs offered no testimony rebutting the defendant's explanations. In essence there is but one question: Do the proofs furnish support for the factual finding of the court below?

An automobile driven by plaintiff Max Holder and containing as passengers three of the remaining plaintiffs having been driven easterly along Clinton avenue in the city of Newark came to a stop along the curb. Defendant's taxicab rammed that car from the rear. The injuries and damages ensued from that collision. The controversy was one of fact as to whether the circumstances under which plaintiffs' car was driven to the curb and stopped were such as to evince negligence on the part of the driver of that car and an absence of negligence on the part of the driver of the taxicab. The trial judge found a set of facts, of which the following are some:

1. The automobile of the plaintiff Holder was at a standstill for at least five seconds before the accident occurred.

3. The operation of the taxicab by the defendant's agent was negligent and careless.

4. Defendant's taxicab was being operated at an excessive rate of speed in view of the conditions of the road and the state of the weather.

6. The plaintiffs were free of any contributory negligence.

There is evidence that the pavement was wet and the weather rainy; that plaintiffs' car having been driven carefully

and at a speed of from eight to ten miles an hour was gradually turned toward the curb, stopping within a few inches therefrom; that the car had been standing still from five to ten seconds when defendant's taxicab crashed into the rear of plaintiffs' car with such force that the latter was hurled forward a distance of twenty to twenty-five feet.

The testimony given by the defendant's driver was at variance with the foregoing but served only to raise a fact issue which, by the court's finding, was resolved against the defendant. The force of the impact by which plaintiffs' car was forced forward was one of the elements in which the finding of the court below has support. We find no error.

Let the judgment below be affirmed, with costs.